470 So.2d 1018 (1985)
John LAPLANTE and Capital City Press
v.
Anne K. STEWART.
No. 84 CA 1434.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Rehearing Denied June 27, 1985.
*1019 Frank M. Coates, Jr., Baton Rouge, for plaintiff-appellee John Laplante, Capital City Press.
David A. Hamilton, and Cullen P. Landry, Baton Rouge, for defendant-appellant Anne K. Stewart.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Appellees, John Laplante and Capital City Press (Laplante), instituted this action seeking to examine the results of a school effectiveness study conducted by the Louisiana Department of Education. Laplante contends these records are public records under La.R.S. 44:1, et seq. Appellant, Anne K. Stewart, is an Associate Superintendent of Education and, as such, has custody of the disputed records. Stewart appeals from the trial court's judgment which ordered defendant to make available for inspection all records (other than the questionnaires) relating to the "Louisiana School Effectiveness Study: Phase Two, 1982-1984," or alternatively, provide a list of the participating schools and their respective rankings be made available for inspection. We affirm.
Pursuant to a 1977 legislative mandate on public school accountability and assessment, a program called the Louisiana School Effectiveness Study was initiated. Phase Two of the program was a study conducted in 1982-83 in 12 parishes involving 76 schools. The purpose of Phase Two was to determine why some schools have better scores on the state assessment tests than other schools.
Laplante, a reporter for Capital City Press, sought to examine all information used to prepare the report entitled "Louisiana School Effectiveness Study: Phase Two, 1982-84." He was denied access to any information which might identify any faculty member, staff, or students, or any information which would identify the rating a particular school received. Laplante filed suit, seeking to obtain the identity of the schools involved in the study and their ratings as well as the identity of the principals and teachers of the schools.
After hearing the testimony and reviewing the evidence presented at the hearing, the trial court rendered judgment, ordering that a writ of mandamus and mandatory injunction issue. Anne K. Stewart was ordered to make available for inspection and/or copying all records relating to the study (other than the questionnaires) identifying the schools and showing their relative rankings. Alternatively, a list of the schools and their relative rankings could be provided in lieu of producing records which may contain code numbers of a confidential nature identifying the schools. Stewart appeals from that judgment.
In essence, there are two questions before the court in this appeal: First, whether the disputed records are public records as defined by La.R.S. 44:1; and second, if the disputed records are public records, whether the individuals' right to privacy precludes their publication or disclosure.

*1020 Public Records
La.R.S. 44:1(A) defines "public records" as:
(2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
The public records law lists several exemptions, but the exemptions do not include this study. Stewart points out that La.R.S. 17:391.4(E) exempts test scores of individual students and La.R.S. 17:391.5(E) exempts teacher evaluations from the public records law. Stewart contends the identification of the schools will allow anyone to identify the third grade teachers and students who participated in the study. Thus, Stewart concludes that identifying the schools and their rankings will indirectly reveal student scores and teacher evaluations in violation of La.R.S. 17:391.4 and 17:391.5.
La.R.S. 17:391.4(E) provides that "all test scores of individual students, average scores for individual classes or schools, and average scores for individual school systems shall be exempt from the public records act (La.R.S. 44:1-7)." In this case, the students filled out questionnaires rather than taking a test. The purpose of the questionnaires was to provide information for use in the study conducted by the Department of Education. The study was mandated by La.R.S. 17:391.3(E) to "identify and define educational variables which may affect learning." La.R.S. 17:391.4(E) relates to tests given to assess the proficiency of individual students in basic communication and computational skills. This study was conducted not to determine the proficiency of individual students but rather to identify factors which affect the learning process and, therefore, is not included within the scope of La.R.S. 17:391.4(E).
Similarly, La.R.S. 17:391.5 exempts the assessment and evaluation of the performance of certified teachers and administrators from the public records law. This evaluation is used to appraise the performance of individual teachers regarding teaching duties and responsibilities. The questionnaires which the teachers and principals answered had the same purpose as those answered by the students. Since the study was conducted not to evaluate the performance of individual teachers and principals but to identify factors which affect the learning process, it is not included within the scope of La.R.S. 17:391.5(E).
Accordingly, we find that the disputed records are public records as defined by La.R.S. 44:1, et seq.
We must next determine whether publication or disclosure of the information would invade the privacy of the participants in the study.

RIGHT OF PRIVACY
Stewart argues that disclosure of the disputed records would violate the right of privacy of the study participants. Stewart also argues that the disclosure of these records will seriously affect future studies because schools participated only after being assured the results would remain confidential.
*1021 The Louisiana Constitution provides for the right of privacy in Art. I, § 5. It provides, in pertinent part:
"Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."
The public's access to public records is protected by La. Const. Art. XII, § 3, which provides:
"No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."
The Public Records Law must be liberally construed so as to enlarge rather than restrict access to public records by the public. Amoco Production Co. v. Landry, 426 So.2d 220, 222 (La.App. 4th Cir.1982), writs denied, 433 So.2d 164 (La.1983). Any exemption to the public record law is in derogation of the public's right to be reasonably informed as to the manner, basis and reasons upon which government affairs are conducted and, therefore, must be narrowly interpreted. Id.
The individual privacy of the study participants is protected since the individual questionnaires will not be released under the trial court's order. We agree with the trial court's conclusion that the rating of a school as effective or ineffective was not determined by specific answers of the principal, teachers or students. Rather, the rating was determined by various factors derived from the questions posed by the individual conducting the survey. Conclusions drawn from the survey are only as valid as the questions and the interpretation of the answers.
The public's right to be adequately informed is of fundamental importance and few things affect the public well being as does education.
The legislature recognized the importance of public involvement in education when it defined, in La.R.S. 17:391.2(8), "educational accountability" as "the respective responsibilities and duties ... of local school boards, administrators, principals, teachers ... parents, students, and any other governing authority." Stewart has failed to show that any invasion of privacy which any participant may have outweighs the public's right to examine the public records.
We find no merit in the Department of Education's position that the local school boards will not participate in studies of this nature unless they are promised that the reports will remain confidential. La.R.S. 17.391.4 specifically states that "[t]he local school governing bodies shall cooperate with the superintendent and the state Department of Education in the administration of this Section." [emphasis added] This statute provides for assessment tests to determine pupil proficiency in the basic communication and computational skills. It also requires the Department of Education to make an annual report of the results, which report is to "provide an explanation of factors affecting the assessment results." This report cannot be compiled unless the local school governing bodies cooperate. Since the legislature has required the local school governing bodies to cooperate and since the local school systems receive significant state funding, we do not see how our ruling in this case should affect future studies.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs in the amount of $332.06 shall be assessed against appellant.
AFFIRMED.
SHORTESS, J., concurs. I have reservations with the majority analysis of LSA RS 17:391 but agree with the result.