527 So.2d 475 (1988)
STATE of Louisiana
v.
Harry DEWHIRST.
No. 88-KA-122.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
Rehearing Denied July 15, 1988.
*476 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., 24th Judicial Dist., Jefferson Parish, Gretna, for plaintiff-appellee.
Stephen V. Vallot, Kenner, for defendant-appellant.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
KLIEBERT, Judge.
The defendant, Harry Dewhirst, was charged by bill of information with forcible rape, a violation of LSA-R.S. 14:42.1. A twelve person jury returned a responsive verdict of guilty of attempted forcible *477 rape.[1] Defendant was sentenced to five years at hard labor, the first year to be served without benefit of probation, parole or suspension of sentence. On appeal defendant raises the issues of whether the:
(1) evidence in support of the verdict is legally sufficient;
(2) trial court erred in excluding documentary evidence offered on defendant's behalf and in
(3) failing to grant a new trial based on newly discovered evidence; and
(4) sentence imposed is excessive.
We find no merit in the first three issues and accordingly affirm the conviction. However, we vacate the sentence and remand the case for resentencing.
The victim, a sixteen-year-old girl, is the sister of defendant's estranged wife. The defendant and his wife were separated at the time the alleged rape took place, and the defendant had custody of the children born of the marriage. According to the victim, sometime between December 1 and December 25, 1984, the victim and her twin brother went to the defendant's residence to babysit their nieces and nephew while the defendant went to a local nightclub. According to the victim, she awoke at 2:30 a.m. to find that the defendant had pulled down her bluejeans and underwear and inserted his penis into her vagina. No one else in the house was awakened or witnessed the incident. The victim did not report the incident to her parents until May of 1985, some six months later.
In his first assignment defendant contends the verdict rendered by the jury was contrary to the law and evidence and/or the evidence was insufficient to support a verdict of guilty of attempted forcible rape. Defendant contends that the thrust of the state's case was to prove a forcible rape and that its inability to do so, as evinced by the jury verdict, warranted an acquittal rather than a conviction for attempted forcible rape.
The constitutional standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). Where there is conflicting testimony as to factual matters, the resolution of which depends on witness credibility, a matter of weight of evidence rather than its sufficiency is presented. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. White, 472 So.2d 130 (5th Cir.1985); State v. Garlepied, 454 So. 2d 1147 (4th Cir.1984) writ denied 462 So.2d 189. A determination of the weight of the evidence rests solely with the trier of fact and is not reviewable on appeal. Rosiere, 488 So.2d at 968; State v. Korman, 439 So.2d 1099 (1st Cir.1983).
The victim testified that she awoke to find that the defendant had pulled down her clothes and inserted his penis into her vagina, and that he pulled her hair and pressed his mouth against hers to prevent her from screaming. He threatened to hurt her if she told anyone about the incident. The victim's parents testified that the victim developed behavorial problems after the incident, including paranoia, excessive bathing which caused rashes on her legs, and insomnia. A clinical psychologist and a social worker testified that the victim was depressed and anxious, and both found no reason to doubt the victim's version of events. The defendant testified that the alleged incident did not take place but rather was fabricated by the victim and her family in order that the victim's sister might gain custody of the children born of her marriage to the defendant. He offered testimony both as to his good character and as to the poor character of the victim and her family.
*478 In finding the defendant guilty of attempted forcible rape, it is obvious that the jury believed the victim rather than the defendant. Once the trier of fact has made the credibility call, our function is not to make one of our own or speculate whether others would have done otherwise. Here the testimony of the victim was sufficient to establish the elements of the offense. State v. Rives, 407 So.2d 1195 (La.1981); State v. Carney, 476 So.2d 364 (4th Cir. 1985). Hence, we will not disturb the verdict. We attach no sinister connotation to the return by the jury of a verdict of attempted forcible rape, for LSA-R.S. 14:27 C provides that any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated. See State v. Williams, 440 So.2d 195 (3rd Cir.1983). We will not speculate as to the jury's reasons for returning a verdict of guilty of attempt rather than the crime charged.
Hence, we conclude this assignment of error is meritless.
Defendant next contends the trial court erred in excluding from evidence "school records" of the victim. Counsel subpoenaed the records sometime prior to trial, and the return was made on the second day of trial by Mr. Jack Theriot, a supervisor of child welfare and attendance for the Jefferson Parish School Board. Included in the records were a treatment note from Browne/McHardy Clinic dated November 1982 and an Individual Education Plan (IEP) form dated October 1982, which listed the victim's health condition. The documents reflected that the victim had a rash on her legs, and defendant sought to introduce the documents to prove that the rash predated the alleged rape and was attributable to an allergy rather than excessive bathing. The court sustained the state's objection to the introduction of the documents because the Browne-McHardy Clinic note was not internally generated by school officials and because the IEP form was not authenticated by the records custodian of the School Board. Defendant proffered the documents into evidence; however, they have not been made part of the appellate record. On appeal defendant contends the documents were admissible under the "business records" exception to the hearsay rule and were adequately authenticated by Mr. Theriot.
Initially we note that school records are admissible under the traditional "public documents" exception to the rule against hearsay rather than the "business records" exception. See e.g. Laplante v. Stewart, 470 So.2d 1018 (1st Cir.1985). As explained in State v. Nicholas, 359 So.2d 965, 968 (La.1978):
"... This exception is historically based upon the principles of necessity and the probability of trustworthiness. 5 Wigmore on Evidence, Sections 1631, 1632 (Chadbourn Rev., 1974). The exception is founded primarily upon the presumption that an individual entrusted with a duty will do his duty and make a correct statement, 5 Wigmore, Section 1631 et seq.; McCormick, Evidence, Section 315 et seq. (2d ed.1972); Pugh, Louisiana Evidence Law, pp. 476-77 (1974).
As these authorities note, the usual hearsay requirement that the declarant (here, the entrant or custodian) be shown to be unavailable, is dispensed with, largely because of the public inconvenience that would otherwise result from the disruption of public business to be occasioned by the continual summoning of public officers to prove routine facts reflected by their records with a high probability of accuracy.2"
(footnote omitted)
We discern no error in the exclusion of the Browne-McHardy Clinic note as it was not a document internally generated by the school board and hence was not subject to the "public documents" exception to the hearsay rule. The proper parties to authenticate the document were the doctors involved in its preparation. We reach a different conclusion in regard to the IEP form, for it was internally generated by the school board and was authenticated by a supervisor.
In State v. Cobb, 419 So.2d 1237, 1243-44 (La.1982) the court stated:

*479 "... The rule of authentication, evidencing the genuineness of a particular document, must always be satisfied. State v. Martin, 356 So.2d 1370 (La., 1978), app. aft. remand, 372 So.2d 563. A copy of a document certified by the officer who is the legal custodian, is equivalent to the original for purposes of authenticity, provided the certificate of the officer concerns a matter which is under his general vested powers. R.S. 15:457. The authority to testify to the authenticity of an original document or to certify the authenticity of a copy is a duty which may be delegated, provided it clearly appears in the evidence that the person authenticating the original by custody or certifying the copy has been entrusted with legal custody of the original document by the original official custodian. State v. Tillman, 356 So.2d 1376 (La., 1978). That is, the witness introducing the document into evidence must testify from personal knowledge regarding its official custody, specifying from whom or from which office he received the document. State v. Nicholas, 359 So.2d 965 (La., 1978)."
It is apparent from the testimony of Mr. Theriot that he had been delegated the duty of testifying to the authenticity of the school records. Theriot testified he picked up the records at the victim's former school and brought them to the courtroom. For these reasons, we conclude that the trial court erred in finding that the IEP form was not sufficiently authenticated and in excluding the document(s) on that ground.
Our inquiry must now turn toward ascertaining whether there is a reasonable possibility that the exclusion of the document "might have contributed to the conviction." State v. Martin, 458 So.2d 454 (La.1984). A judgment or ruling "shall not be reversed ... because of any error ... which does not affect substantial rights of the accused." LSA-C.Cr.P. art. 921. Considering the nature of the evidence in light of the circumstances of the case, we find that the impact of the excluded evidence would have been minimal and that its exclusion was harmless beyond a reasonable doubt. First, the fact the victim had a rash in 1982 would be accorded less weight by the jury because of the distance in time. Second, the victim was molested at an earlier date by her brother, and the 1982 rash may well have been associated with that incident. Third, at trial Dr. Charles Laramore testified that he examined the victim in May of 1985 and concluded that the rash looked typical of poison ivy dermatitis rather than a burn from hot water; thus, the jury was alerted to the possibility that the rash was allergic in nature.
We consider this assignment of error meritless.
In his next assignment defendant contends the trial court erred in failing to grant a new trial when presented with new and material evidence of the defendant's innocence. The "new and material evidence" includes:
(1) The location of Vickie Orellano, a principal to an incident involving an obscene note allegedly written by the victim to a male classmate in October of 1984;
(2) An affidavit of Adam "Danny" Billiot, the temporary foster child of the defendant and the victim's sister, regarding" actions" of the victim's family members;
(3) Medical records subpoenaed from the Browne-McHardy Clinic which reflect that the victim was treated for allergies on her legs;
(4) A letter from the records custodian at the victim's former high school stating that the victim's disciplinary records were not produced at trial, only the general personal record.
The supreme court succinctly set forth the principles applicable to the issue of "newly discovered evidence" in State v. Prudholm, 446 So.2d 729, 735 (La.1984):
"Louisiana Code of Criminal Procedure article 851 provides in pertinent part that:
The court, on motion of the defendant, shall grant a new trial whenever: ...
(3) New and material evidence that notwithstanding the exercise of reasonable diligence by the defendant, *480 was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict of judgment of guilty....
This rule contains the four generally recognized requisites for the motion for a new trial based on newly discovered evidence: (1) the evidence must have been discovered since the trial; (2) failure to learn of the evidence at the time of trial was not due to defendant's lack of diligence; (3) it must be material to the issues at the trial; (4) it must be of such a nature that it would probably produce an acquittal in the event of retrial. State v. Talbot, 408 So.2d 861, 884 (La. 1981) (on rehearing); Moore, 8A Federal Practice § 33.03[1] at pp. 33-18 and 33-19 (2d ed.1983); Wright, 2 Federal Practice and Procedure: Criminal § 557, p. 515 (2d ed. 1982).
The application of these precepts to newly discovered evidence by the trial judge, although a question of law, is entitled to great weight, and his discretion should not be disturbed on review if a reasonable man could differ as to the propriety of the trial court's action. See, e.g., State v. Talbot, supra at 885; State v. Jackson, 253 La. 205, 217 So.2d 372 (1968); State v. Truax, 222 La. 463, 62 So.2d 643 (1952). On the other hand, the discretion vested in the trial court must be exercised in whole-hearted good faith and be guided by the statutes, not by the court's private opinion of what the statute ought to be."
Applying these principles to the case at hand, we find no abuse of the trial court's discretion in denying the defendant's motion for a new trial. We conclude that defendant failed to carry his burden of proving that his failure to learn of the new evidence was not due to his lack of reasonable diligence. Counsel made no effort to document his attempts to locate the witnesses prior to trial, nor did he explain how he was able to locate the witness within one month after trial. Likewise, he could have subpoenaed the Browne-McHardy Clinic records prior to trial as he was aware the victim had been treated there for rashes on her legs.
As regards the disciplinary records, the sole purpose for which counsel sought to introduce them was to show that the victim was involved in the issuance of an obscene note to a boy in October of 1984. Counsel did cross-examine the victim about the incident; she did not remember it. The victim's mother testified that the incident could very well have taken place, although she had no specific memory of it. Thus, the jury was aware that the incident took place, as well as an earlier incident in which the victim was molested by her brother.
Moreover, we have grave doubts as to the admissibility of evidence on the obscene note incident in light of LSA-R.S. 15:498, commonly known as the rape shield statute, which provides:
"Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim's relationship with the accused."
Where, as here, consent is not an issue, evidence of prior sexual conduct is inadmissible. State v. Vaughn, 448 So.2d 1260 (La.1984) (on rehearing).
This assignment of error is meritless.
In his final assignment defendant contends his sentence of five years at hard labor is excessive. Because the record reflects the trial court felt a minimum prison sentence was required by law, when in fact none is, we vacate the sentence and remand for resentencing without addressing the merits of the excessiveness argument.
A conviction for the crime of forcible rape is punishable by imprisonment at hard labor for not less than five years nor more than forty years. LSA-R.S. 14:42.1. A person convicted of an attempted forcible rape is subject to imprisonment for up to twenty years. LSA-R.S. 14:27D(3). There is no minimum sentence for the crime of attempted forcible rape. See e.g., State v. Jaye, 383 So.2d 1261 (La.1980).
*481 After the jury returned its verdict the court ordered a pre-sentence investigation and indicated that the applicable sentencing range was a minimum of two and one-half years and a maximum of twenty years. At the sentencing hearing the court imposed a sentence of five years at hard labor, the first year to be served without benefit of probation, parole or suspension of sentence, and stated that "The court must sentence the defendant to serve the time that's mandated by the Statute."
Though the sentence actually imposed fell within the prescribed statutory range, the danger that a mistake of law might have affected the trial court's sentencing discretion appears substantial. A sentence founded on an incorrect view of the law should usually be set aside. State v. Spruell, 403 So.2d 63 (La.1981).
The defendant's conviction is affirmed. The sentence is vacated and the case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] Defendant was brought to trial three times. The first trial ended in a mistrial because of an irregularity between the evidence offered and the crime charged in the bill of information. The second trial ended in a mistrial because the jurors could not reach a verdict. The third trial resulted in defendant's conviction and sentence now on appeal.