KLIEBERT, Judge.
This case again comes to us on appeal following a remand for resentencing. This court affirmed defendant Harry Dewhirst’s conviction of attempted forcible rape of a sixteen year old girl, but vacated his sentence because of a substantial danger that a mistake of law might have affected the trial court’s sentencing discretion. State v. Dewhirst, 527 So.2d 475 (La.App. 5th Cir. 1988). On remand, the trial court sentenced defendant to imprisonment at hard labor for five years, the first year without benefit of parole, probation, or suspension of sentence. Defendant was given credit for time served. He appeals, alleging the trial court again imposed a sentence founded on an incorrect view of the law and, additionally, that the sentence is excessive. For the following reasons, we affirm the sentence.
Following his conviction on the responsive verdict of attempted forcible rape and his subsequent sentencing, defendant timely appealed. We affirmed the conviction, vacated the sentence, and remanded for resentencing because “... the danger that a mistake of law might have affected the trial court’s sentencing discretion appears substantial.” State v. Dewhirst, 527 So.2d at 481 (La.App. 5th Cir.1988).
The original sentencing transcript indicated the district court judge believed the statute mandated minimum sentence of five years at hard labor, the first year to be served without benefit of probation, parole, or suspension of sentence. However, a conviction for the crime of forcible rape is punishable by imprisonment at hard labor *71 for not less than five years nor more than forty years. LSA-R.S. 14:42.1. A person convicted of an attempted forcible rape is subject to imprisonment for up to twenty years. LSA-R.S. 14:27D(3). There is no minimum sentence for the crime of attempted forcible rape. See e.g., State v. Jaye, 383 So.2d 1261 (La.1980).
Any prior erroneous view of the law by the trial judge was corrected at the sentencing hearing following the remand. There, the district court judge stated he was aware there was no statutory minimum sentence for this crime but that a five year sentence was the minimum term he was going to give defendant. Therefore, this alleged error is without merit.
Defendant also argues the five year sentence is excessive under the circumstances of this case.
In State v. Davis, 496 So.2d 1197 (La. App. 5th Cir.1986) at page 1200, we said:
Article I, Section 20 of the Louisiana Constitution of 1974 provides in part “No law shall subject any person ... to cruel, excessive or unusual punishment ...” A sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). The imposition of a sentence, although within prescribed statutory limits, may nonetheless violate a defendant’s constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand 367 So.2d 762 (La.1979).
The supreme court discussed the function of C.C.P. art. 894.1 as regards appellate review of sentences in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982):
“Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La. C.Cr.P. art. 894.1(A)(B). State v. Jones, [398 So.2d 1049 (La.1981)] supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).”
See also State v. Allen, supra.
The trial court complied with LSA-C.Cr.P. Article 894.1 in imposing sentence here. Prior to the imposition of the original sentence, a pre-sentence investigation (P.S.I.) report was ordered to be prepared. The trial court discussed the contents of the P.S.I. report with defendant at the time of the sentencing. The report reflects in mitigation that the defendant is thirty-five years old, he holds a G.E.D., and that prior to his incarceration he was steadily employed. His only prior criminal record consists of traffic offenses. The report included interviews with defendant’s family and friends attesting to defendant’s good character. The trial judge also considered the circumstances of the particular crime. However, at both sentencing hearings he stated he considered any term of imprisonment less than five years would deprecate the seriousness of the offense.
Given the circumstances of the instant case, we find the imposition of a five year sentence to be adequately supported by the record and consequently well within the sentencing discretion of the trial judge. Similar sentences have been imposed and upheld under like circumstances. See State v. Capps, 461 So.2d 562 (La.App. 3rd Cir.1984).
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.