# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-728

STATE OF LOUISIANA

VERSUS

ZIGUARDS STANISLAUVS KOKORISS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 118513
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

Cecil R. Sanner
District Attorney - 38th Judicial District Court
Jennifer Jones
Assistant District Attorney - 38th Judicial District Court
P. O. Box 280
Cameron, LA 70631
Telephone:  (337) 775-5713
COUNSEL FOR:
　　　Plaintiff/Appellee - State of Louisiana

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone:  (337) 991-9757
COUNSEL FOR:
　　　Defendant/Appellant - Ziguards Stanislauvs Kokoriss

**THIBODEAUX, Chief Judge.**

Defendant, Ziguards Stanislauvs Kokoriss, appeals his conviction before a six-person jury for failing to register as a sex offender, a violation of La.R.S. 15:542(B). He also appeals his maximum sentence of five years. We affirm.

## FACTS

On October 6, 1994, Defendant Ziguards Stanislauvs Kokoriss pled guilty to indecent behavior with a juvenile and molestation of a juvenile. The court explained to Defendant the sex-offender registration requirements.

After Defendant served his term of imprisonment, the federal immigration and customs enforcement service (ICE) took him into custody. ICE released Defendant on July 27, 2004. By letter, ICE reported to Cameron Parish authorities that Defendant listed his permanent address as being in that parish as of August 10, 2004.

In October of 2004, police arrested Defendant for failure to register. He registered as a sex offender on October 10, 2004, the day he was arrested.

## LAW AND DISCUSSION

### Insufficiency of the Evidence

Defendant argues the evidence adduced at trial was insufficient to support his conviction, because the State failed to prove that he was the same individual as the one originally convicted for a sex offense. He observes that the bill of information listed his date of birth as "January 11, 1937," but that the minutes of his earlier conviction showed the date of birth as "January 11, 1924." Defendant, however, effectively conceded his identity at trial, as he acknowledged his duty to register. He contends that he simply misunderstood the registration requirements.

During the State's case-in-chief, defense counsel introduced a series of forms for registration as a sex offender, "sex offender vehicle information," and acknowledgments of his duty to register, as D-1 in globo. Those documents referred to Defendant's October 6, 1994, conviction.

Defendant also argues the State failed to prove that he had a duty to register at the time he was arrested. He observes that, at the time of his arrest, La.R.S. 15:542 required that an offender register within twenty-one days after establishing residency. He contends the State failed to show the date he established residency and therefore failed to prove when his duty to register was triggered. The record indicates Defendant registered as a sex offender on October 10, 2004. That was also the date he was arrested, then released, from jail. As the State points out, it introduced into evidence a letter from ICE to the Cameron Parish Sheriff's Office that indicated Defendant was released from ICE custody on July 27, 2004. According to the letter, he reported to ICE telephonically on August 4. On instructions from ICE, he reported again on August 10 to inform immigration officials that he had secured a permanent address: 259 Roger's Lane, Cameron, Louisiana.

Since more than twenty-one days elapsed between August 10 and October 10, 2004, Defendant failed to meet his obligation to register as a sex offender. The evidence was clearly sufficient to sustain a verdict of guilty.

**Hearsay**

Defendant argues the letter from ICE, notifying the Cameron Parish Sheriff's Office of Defendant's release date and permanent address, was inadmissible hearsay.

The controlling law is set forth in La.Code Evid. art. 803, which states in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(8) Public records and reports. (a) Records, reports, statements, or data compilations, in any form, of a public office or agency setting forth:

(i) Its regularly conducted and regularly recorded activities;

(ii) Matters observed pursuant to duty imposed by law and as to which there was a duty to report; or

(iii) Factual findings resulting from an investigation made pursuant to authority granted by law. Factual findings are conclusions of fact reached by a governmental agency and may be based upon information furnished to it by persons other than agents and employees of that agency.

(b) Except as specifically provided otherwise by legislation, the following are excluded from this exception to the hearsay rule:

(i) Investigative reports by police and other law enforcement personnel.

(ii) Investigative reports prepared by or for any government, public office, or public agency when offered by that or any other government, public office, or public agency in a case in which it is a party.

(iii) Factual findings offered by the prosecution in a criminal case.

(iv) Factual findings resulting from investigation of a particular complaint, case, or incident, including an investigation into the facts and circumstances on which the present proceeding is based or an investigation into a similar occurrence or occurrences.

The State cites *State v. McCullough*, 566 So.2d 635 (La.App. 5 Cir.), *writ denied*, 571 So.2d 645 (La.1990), *writ denied*, 584 So.2d 1141 (La.1991), a murder case, in which the trial court allowed the State to introduce thirteen teletype messages from Alabama law enforcement agencies to their Louisiana counterparts,

3

regarding the defendant's possible location. On appeal, the fifth circuit held the teletypes were properly admitted. The court explained:

> Historically, trustworthiness has been recognized as the foundation of the public records exception, which existed in this state prior to 1989. *See State v. Nicholas*, 359 So.2d 965 (La.1978), and *State v. Dewhirst*, 527 So.2d 475 (La.App. 5 Cir. 1988). Art. 803(8) ensures the trustworthiness of public records sought to be introduced as evidence in a criminal proceeding by distinguishing between those records reflecting basic factual information and prepared during the course of a government agency's regular activities or duties, and those records which reflect conclusions or inferences drawn from such basic factual information. The former category of records is admissible as evidence in a criminal proceeding, while the latter category is not admissible. This distinction further safeguards the criminal defendant's confrontation rights as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974.

> A careful study of the 13 teletypes from Alabama challenged by McCullough suggests that these teletypes, while constituting hearsay evidence, are subject to the public records exception to the rule excluding hearsay. The teletypes were prepared by Alabama law enforcement personnel whose duty assignments include locating and extraditing persons wanted by other jurisdictions. The issuance of the teletypes was effected as part of the regularly conducted and regularly recorded activities of these law enforcement personnel. There are no factual findings or investigative conclusions in the teletypes. The material is limited to basic or primary facts. Accordingly, the teletypes forming the basis of this error assignment are subject to the public records exception to the rule excluding hearsay evidence.

*Id.* at 637-38.

The fifth circuit cited *McCullough* and used similar reasoning in *State v. Shaw*, 00-1051 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, *writ denied*, 01-969 (La. 2/8/02), 807 So.2d 861. In *Shaw*, the trial court and the appellate court excluded documents that were deemed untrustworthy. The State cites other fifth circuit jurisprudence and *State v. Lee*, 577 So.2d 1193 (La.App. 2 Cir. 1991). These cases

4

did not employ the same reasoning as *McCullough* and *Shaw*. We have found no third circuit or supreme court jurisprudence on point, but suggest that *McCullough* is persuasive. Law enforcement documents which report basic or primary facts are admissible while documents which report opinion, conjecture, or investigative conclusions should not be admissible.

In the present case, the letter at issue reported a basic fact gathered as part of the routine course of business for the law enforcement agencies involved. Thus, it was properly admitted.

Further, even if we were to conclude that the letter was erroneously admitted, such an error would have been harmless. Defendant effectively conceded the issue of his residency in the course of his defense.

For the reasons discussed, this assignment lacks merit.

**Excessiveness of Sentence**

Defendant argues that his five-year sentence— the maximum at the time of the offense—was excessive. Defendant argues that he is elderly; that his failure to register did not cause any harm; that no weapons were involved in this offense; that he spent approximately 10 years in prison and immigration detention, due to his conviction for the original sex offense; that he cooperated with police and has maintained his registration since his arrest; and that he has maintained employment since his arrest.

This court has explained the analysis for excessive-sentence claims:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still,

5

the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in *Lisotta*, 726 So.2d at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

At the sentencing hearing, the trial judge made the following statements:

The Court is familiar with the matter, and the Court will consider that he has served his time for the underlying charge; however, there are some characteristics or some elements in that charge which are affecting the Court's decision today, and it is this. Mr. Kokoriss operated under an assumed name. Took a position of using that assumed name in this Court for a period of time before his true identify was revealed. So, he has demonstrated an ability to masquerade as someone else.

The crime for which he was convicted not only was an offense based upon improper behavior with little ones, but they were little ones that were under his guidance, under his care and custody.

The combination is such that his failure to properly register this time makes it a much more serious crime than the normal inadvertence or misunderstanding. The Court reads into this a design to again enable him to pursue crimes of pedofilia. And for that reason, the Court feels

6

that incarceration is proper, custodial incarceration is proper, that the seriousness of this crime must be reflected in the sentence. And I think if ever there's a reason for imposing the maximum, this is one of them. And so the Court will, in fact, impose five years DOC and remand Mr. Kokoriss [to] the Sheriff's office.

At the hearing on the motion to reconsider sentence, the judge stated:

I don't have to give reasons for denying the motion, but they are the same reasons that he got the maximum, which is just a -- probably an unusual thing for judges to give, but the secrecy and surreptitious way that Mr. Kokoriss has operated in the past is consistent with his failure to register, and consequently, the Court feels like the sentence was correct under those circumstances.

The trial judge gave sufficient and adequate reasons for his imposition of the five years at hard labor sentence. The provisions of La.Code Crim.P. art. 894.1 were complied with, and there was no abuse of the trial court's discretion. This assignment also lacks merit.

## CONCLUSION

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**