CLARENCE E. McMANUS, Judge.
 

 ^Defendant, Kevais Nelson, was convicted by a six person jury of possession of cocaine in violation of LSA-R.S. 40:967(C). After the denial of his Motion in Arrest of Judgment and Alternatively Motion for New Trial, he was sentenced to five years imprisonment at hard labor. Thereafter, pursuant to a multiple offender bill of information, defendant was adjudicated a third felony offender and he was sentenced as a triple felony offender to ten years imprisonment at hard labor, to run concurrently with any other sentence he was
 
 *661
 
 currently serving.
 
 [1]
 
 Defendant’s appeal follows.
 

 FACTS
 

 On February 28, 2008, Deputy Shenandoah Jones of the Jefferson Parish Sheriffs Office was standing on the side of the road conducting “stationary traffic enforcement” in Jefferson Parish, looking for traffic violations in plain view. At the time, Deputy Jones was training Deputy John Walsdorf, who was also looking for violations. Defendant was observed as a passenger in the front seat of a vehicle not wearing his seatbelt. Because this was a violation of the law, the vehicle, in which he was a passenger, was stopped. Defendant’s brother, Keithen, was the 13rear passenger in the vehicle and also was not wearing his seatbelt. The occupants of the vehicle were asked for identification.
 

 Defendant and Keithen were arrested after a criminal history check revealed both were wanted for outstanding traffic attachments. Defendant was advised of his rights, and Deputy Jones conducted a pat-down of defendant. After defendant was handcuffed and arrested at approximately 5:47 p.m., he was placed in the rear of the police unit and was transported to lockup along with Keithen and another individual who were also handcuffed in the backseat of the unit.
 

 Deputy Jones testified that defendant was given a plastic bag to put his personal belongings in, and then he went through a metal detector. Deputy Jones was not present when defendant was searched at the jail. However, Deputy Walsdorf testified that he was present when defendant’s person was searched and that he observed when a small plastic cellophane bag with an off-white powder substance, which was immediately noticeable as contraband, was found inside of defendant’s right front change pocket.
 

 Deputy Gilberto Castellanos was working at the Jefferson Parish Correctional Center in Intake and Booking on the date defendant was brought in. He testified that he patted defendant down and found a small baggy of white powder on defendant. He testified that he showed the baggy to the camera. The substance seized from defendant’s person was tested, and the results proved it was cocaine hydrochloride with a gross weight of 0.8 grams.
 

 Keithen Nelson, Sr. testified that they were all searched separately and that he saw when defendant was searched. He testified that he did not see anything being taken off of defendant’s person.
 
 [2]
 
 Defendant denied that he possessed |4cocaine on February 28, 2008, and testified that he did not learn that he was charged with possession of cocaine until he read his paperwork upon his release.
 
 [3]
 

 DISCUSSION
 

 In his first allegation of error, defendant argues that the trial court erred in denying his challenges for cause of prospective jurors Poynor and Mace.
 

 The Sixth Amendment of the United States Constitution guarantees the accused the right to a trial by an impartial jury.
 
 State v. Anderson,
 
 06-2987, p. 27 (La.9/9/08), 996 So.2d 973, 995,
 
 cert. denied,
 
 — U.S. —, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009). La. Const. art. I,
 
 *662
 
 § 17 guarantees the right to full voir dire examination of prospective jurors and to challenge those jurors peremptorily.
 
 Id.
 
 The number of challenges is fixed by law.
 
 Id.
 
 Thus, when a defendant uses all of his peremptory challenges, a trial judge’s erroneous ruling depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence.
 
 Anderson,
 
 06-2987 at 27-28, 996 So.2d at 996.
 

 Prejudice is presumed when the trial court erroneously denies a challenge for cause and the defendant exhausts his peremptory challenges.
 
 State v. Campbell,
 
 06-0286, p. 70 (La.5/21/08), 983 So.2d 810, 856,
 
 cert. denied,
 
 — U.S. —, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008);
 
 State v. Hensley,
 
 04-617, p. 8 (La.App. 5 Cir. 3/1/05), 900 So.2d 1, 8,
 
 writ denied,
 
 05-0823 (La.6/17/05), 904 So.2d 683. To prove there has been reversible error warranting reversal of the conviction and sentence, the defendant must demonstrate (1) the erroneous denial of his challenge for cause, and (2) the use of all his peremptory challenges.
 
 Anderson,
 
 06-2987 at 28, 996 So.2d at 996;
 
 State v. Gant,
 
 06-232, p. 12 (La.App. 5 Cir. 9/26/06), 942 So.2d 1099, 1113,
 
 writ denied,
 
 06-2529 (La.5/4/07), 956 So.2d 599.
 

 LSA-C.Cr.P. art. 797, subsections (2) and (4) provide that a defendant may challenge a juror for cause on the following pertinent grounds:
 

 (2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
 

 [[Image here]]
 

 (4) The juror will not accept the law as given to him by the court[.]
 

 The party seeking to exclude a juror for cause has the burden to demonstrate, through questioning, that the juror lacks impartiality.
 
 State v. Butler,
 
 08-662, p. 6 (La.App. 5 Cir. 5/26/09), 15 So.3d 1091, 1096 (citing
 
 State v. Taylor,
 
 99-1311, p. 13 (La.1/17/01), 781 So.2d 1205, 1218,
 
 cert. denied,
 
 534 U.S. 844, 122 S.Ct. 106, 151 L.Ed.2d 64 (2001)). A challenge for cause is not immediately warranted when a prospective juror has voiced an opinion seemingly prejudicial to the defendant. If after further inquiry the juror demonstrates the ability and willingness to decide the case impartially according to the law and evidence he may be rehabilitated as a possible juror.
 
 Butler,
 
 08-662 at 7, 15 So.3d at 1096. A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied.
 
 Butler,
 
 08-662, at 6-7, 15 So.3d at 1096.
 

 A trial judge is afforded broad discretion in ruling on challenges for cause, and those rulings will be reversed only when a review of the voir dire record as a whole reveals an abuse of discretion.
 
 State v. Strickland,
 
 04-843, p. 14 (La.App. 5 Cir. 3/1/05), 900 So.2d 885, 895,
 
 writ denied,
 
 05-0820 (La.6/17/05), 904 So.2d 683. The trial court has great discretion in ruling on cause challenges because of |ñthe benefit of seeing facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning.
 
 Strickland,
 
 04-843 at 14-15, 900 So.2d at 895.
 

 In the present case, Deborah Poy-nor and Roeling Mace were both called as prospective jurors. The record shows that
 
 *663
 
 defendant timely objected to the trial court’s ruling denying his challenge for cause as to .both prospective jurors Poynor and Mace. Further, defendant was entitled to six peremptory challenges.
 
 See
 
 LSA-C.Cr.P. art. 799. The record also shows that defendant exhausted all six of his peremptory challenges. Defendant did use a peremptory challenge on Poynor. However, no peremptory challenge was used on Mace, a prospective juror who went unused.
 

 A defendant must use one of his peremptory challenges curatively to remove the juror, thus reducing his remaining peremptory challenges, or waive any complaint on appeal.
 
 Butler,
 
 08-662 at 7, 15 So.3d at 1096 (citing
 
 State v. Blank,
 
 04-0204, p. 25 (La.4/11/07), 955 So.2d 90, 113-14, c
 
 ert. denied,
 
 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007)). This is so even in a case where the defendant uses all of his peremptory challenges.
 
 State v. Mitchell,
 
 08-136, p. 15 (La.App. 5 Cir. 1/13/09), 7 So.3d 720, 730. In
 
 Campbell,
 
 06-0286 at 71, 983 So.2d at 856, the Louisiana Supreme Court recognized that an erroneous ruling on a challenge for cause which does not deprive a defendant of one of his peremptory challenges does not provide grounds for reversing his conviction and sentence. The court stated that a defendant must use one of his remaining peremptory challenges curatively to remove the juror or waive the complaint on appeal, even in a case in which he ultimately exhausts his peremptory challenges.
 

 | -^Defendant did not use a peremptory challenge on Mace, the prospective juror who went unused, and accordingly there is no issue as to this prospective juror for appeal.
 

 Concerning prospective juror Poy-nor, because defendant exhausted all of his peremptory challenges, the question becomes whether the trial court erred in denying defendant’s challenge for cause as to this prospective juror. In brief, defendant specifically argues that Poynor’s father was a Chicago police officer and she worked with a deputy. In addition, Poy-nor indicated that defendant was automatically guilty because of his prior convictions.
 

 During voir dire, when the trial judge asked if the prospective jurors felt they could not apply the law as given, no one in the group raised their hand. Further, when asked if they felt that they could not be fair and impartial and give both the State and defendant a fair and impartial trial, no one raised their hand. During questioning, it was discovered that Poy-nor’s father was a Chicago police officer for 30 years and that she worked for a deputy, helping with the search and rescue dogs. When asked if her father being a police officer and her working for a deputy would affect her ability to give the State and the defendant a fair and impartial trial, she answered, “I don’t think so. I mean I’ve been raised a certain way.”
 

 Defense counsel asked the group if anyone felt that because of defendant’s prior felony convictions defendant must be lying, and no one responded. After additional information was given regarding defendant’s prior convictions, Poynor said, “[k]nowing he’s got six prior convictions does weigh the scales.” Defense counsel asked if Poynor could give defendant a fair trial, and Poynor responded, “I think so.” Defense counsel asked “[a]nd when the words came out of my mouth, did • you think guilty automatically?” Poynor answered, “[h]onesly, yes.” Defense counsel then asked if there was anything that he could say or that anyone could say |sto change Poynor’s mind. Poynor answered, “[h]earing the evidence.” Poynor also stated that the State had to prove the case.
 

 
 *664
 
 Defense counsel challenged Poynor for cause because Poynor said counsel could not change her mind. The court added that Poynor said she would listen to all of the testimony. The State objected to the challenge. Defendant’s challenge for cause was denied, and defense counsel noted an objection.
 

 Two Louisiana Code of Criminal Procedure articles address the contemporaneous objection rule: LSA-C.Cr.P. arts. 800(A) and 841(A). LSA-C.Cr.P. art. 800(A) provides the following regarding an objection for a challenge for cause:
 

 A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor [sic] shall be stated at the time of objection.
 

 LSA-C.Cr.P. art. 841(A) states the following regarding the contemporaneous objection rule:
 

 An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor [sic].
 

 In
 
 State v. Pinion,
 
 06-2346, p. 10 (La.10/26/07), 968 So.2d 131, 136 (per curiam), the Louisiana Supreme Court held that in jury selection, counsel satisfies the requirements of Louisiana’s contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause.
 

 As such, it appears that the challenge to Poynor was based on her responses regarding defendant’s prior convictions, rather than her relationships regarding law enforcement. A defendant is limited to the grounds for objection that he articulated in the trial court, and a new basis for the objection may not be raised for the first time on appeal.
 
 Mitchell,
 
 08-136 at 20, 7 So.3d at 733.
 

 When a juror expresses a predisposition as to the outcome of a trial, a challenge for cause should be granted.
 
 Mitchell,
 
 08-136 at 17, 7 So.3d at 731. Yet, if after subsequent questioning, or rehabilitation, the juror exhibits the ability to disregard previous views and make a decision based on the evidence presented at trial, the challenge is properly denied.
 
 Mitchell,
 
 08-136 at 17, 7 So.3d at 731-32. When assessing whether a challenge for cause should be granted, the district judge must look at the juror’s responses during his or her entire testimony, not just “correct” isolated answers or, for that matter, “incorrect,” isolated answers.
 
 Mitchell,
 
 08-136 at 18, 7 So.3d at 732.
 

 Poynor’s responses, as a whole, showed that she could be a fair and impartial juror. Although her initial responses regarding defendant’s prior convictions suggest that she had a predisposition as to the outcome of the trial, her later- responses demonstrated that she could be fair and impartial. She indicated that she would hear the evidence and that the State would have to prove its case. We find that the trial court did not abuse its discretion in denying defendant’s challenge for cause as to prospective juror Poynor. This assignment of error lacks merits.
 

 In his second assignment of error, defendant argues the trial court erred in denying his motion for new trial based on the newly discovered videotape of the
 
 *665
 
 search, which showed inconsistencies with the police reports. Defendant’s brief merely argues that the videotape shows some inconsistencies with the police 1 inreports, without specifying the nature of the inconsistencies. He further suggests that the clothing defendant was wearing in the facility where he was searched was not admitted during trial. He concludes with saying, “[w]hat the tape shows, or doesn’t show; what the defense could, or could not do with the tape if it had it; and what a properly introduced and identified property report would support, or not support is a question for the jury.”
 

 LSA-C.Cr.P. art. 851 provides that “[t]he motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.” Defendant filed his motion for new trial based on subsection (8) of Article 851, which provides that on motion of defendant, the court shall grant a new trial when “[n]ew and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty[.]” As such, when the motion for new trial is based on newly discovered evidence, the following four requisites must be met: (1) the evidence must have been discovered since the trial; (2) the failure to learn of the evidence at the time of trial was not due to defendant’s lack of diligence; (3) the evidence must be material to the issues at trial; and, (4) the evidence must be of such a nature that it would probably produce an acquittal in the event of a retrial.
 
 State v. Dixon,
 
 07-915, p. 16 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 156,
 
 writ denied,
 
 08-0987 (La.1/30/09), 999 So.2d 745.
 

 The trial court’s ruling as to whether these requisites are met is entitled to great weight and a denial of a motion for new trial will not be disturbed on appeal absent a clear abuse of that discretion.
 
 State v. McClain,
 
 04-98, p. 11 (La.App. 5 Cir. 6/29/04), 877 So.2d 1135, 1142,
 
 writ denied,
 
 04-1929 (La.12/10/04), 888 So.2d 835. In
 
 State v. Johnson,
 
 07-2034 (La.10/9/09), 23 So.3d 878, 881, the Louisiana Supreme Court explained that the test to be employed in evaluating whether newly discovered evidence warrants a new trial is not simply whether another trier of fact might render a different verdict, but whether the new evidence is so material that it ought to produce a verdict different from that rendered at trial. The
 
 Johnson
 
 court also provided that when presented with a motion for a new trial based on newly discovered evidence, the trial judge’s duty is not to weigh the new evidence as though he were a jury determining guilt or innocence, but rather is the narrow duty of ascertaining whether there is new material fit for a new jury’s judgment.
 
 Id.
 

 This Court noted the following regarding newly discovered evidence merely affecting credibility in
 
 State v. Lyles,
 
 03-141, p. 21 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 52:
 

 Newly discovered evidence affecting only a witness’ credibility “ordinarily will not support a motion for a new trial, because new evidence which is ‘merely cumulative or impeaching’ is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial.”
 

 (quoting
 
 Mesarosh v. United States,
 
 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1 (1956);
 
 State v. Cavalier,
 
 96-3052 (La.10/31/97), 701 So.2d 949, 951).
 

 
 *666
 
 It appears that at trial defendant knew that the videotape possibly existed due to the testimony of Deputy Castellanos. However, the videotape was not discovered until after trial. At the hearing on defendant’s motion for new trial, it was determined that the videotape had been misplaced in another file in the correctional center.
 

 At the hearing, defense counsel stated that he could not say “for sure whether it would or wouldn’t have changed the jury’s verdict[.]” The trial court, |12after reviewing that tape, found that based on what he had heard and had seen, this new evidence probably would not have changed the jury’s verdict.
 

 On appeal, defendant appears to simply argue that the videotape is newly discovered evidence, without arguing that the new evidence would have probably changed the verdict.
 

 We find that the trial court did not err in denying defendant’s motion for new trial based on newly discovered evidence. This assignment of error lacks merit.
 

 We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and note the following matters.
 

 We note a discrepancy with the multiple bill commitment and the transcript. The multiple bill commitment reflects defendant’s sentence was ordered to run “concurrently with any other sentence.” However, the transcript reflects the sentence was ordered to run concurrent with any other sentence defendant was currently serving. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Because the commitment reflects a more open-ended statement regarding running the sentence concurrently “with any other sentence,” we remand this matter for correction of the commitment, and we further direct the district court to make the entries in the minutes reflecting these changes and direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Finally, the trial court did not order defendant’s enhanced sentence to be served without benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1(G). However, this error does not require corrective action, because under
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating.
 
 State v. Moore,
 
 06-875, p. 18 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 48.
 

 CONCLUSION
 

 For the above .discussed reasons, the defendant’s conviction and sentence are affirmed and the matter is remanded for correction of the minute entry of sentencing consistent with this opinion.
 

 AFFIRMED AND REMANDED.
 

 [1]
 

 . The trial judge also recommended drug treatment for defendant.
 

 [2]
 

 . Keithen Nelson, Sr. acknowledged he had prior convictions for marijuana-third offense and aggravated battery.
 

 [3]
 

 . Defendant acknowledged that he had pled guilty to prior multiple drug convictions and a conviction for possession of stolen property.