SUSAN M. CHEHARDY, Judge.
|2On appeal, defendant challenges his convictions and sentences for aggravated rape, sexual battery of a victim under thirteen years of age, and indecent behavior with a juvenile under thirteen years of age. For the following reasons, we affirm defendant’s convictions and sentences.

Procedural History

On September 16, 2010, a Jefferson Parish Grand Jury indicted Michael Richoux on two counts of aggravated rape of a victim under thirteen years of age, violations of La. R.S. 14:42, one count of sexual battery of a victim under thirteen years of age, a violation of La. R.S. 14:43.1, and one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81. On Septem *485 ber 20, 2010, defendant was arraigned and entered a plea of not guilty.
On August 22, 2011, the matter proceeded to trial before a twelve-person jury. After a three-day trial, the jury unanimously found defendant guilty as charged on all four counts.
On August 30, 2011, the defense filed a motion for new trial, which the trial court heard and denied on September 1, 2011. That day, defendant waived the | .¡statutory sentencing delays and the trial court sentenced defendant as follows: for each count of aggravated rape, life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence; for sexual battery of a child under thirteen years of age, ten years at hard labor without benefit of probation, parole, or suspension of sentence; and for indecent behavior with a juvenile, seven years at hard labor without benefit of probation, parole, or suspension of sentence. The trial judge also informed defendant of the sex offender registration requirements and ordered his compliance. On September 7, 2011, the trial court granted defendant’s appeal.

Facts

At the time of trial, the victim, S.B.,[1] was 12 years old.[2] At trial, Lisa Breaux testified that the victim is her daughter’s best friend. Further, Mrs. Breaux has been friends with the victim’s mother and her aunts for many years and that she has known the victim since she was born.
On June 9, 2010, the victim was at the Breaux’s house for a sleepover. During the sleepover, the victim told her best friend and her best friend’s sister that the defendant, who they all knew, had been touching her. As a result, the girls told their mother, Lisa, who spoke with S.B. alone.
Mrs. Breaux testified that, during this conversation, the victim, who was hysterical, confessed that defendant taught her how to kiss with her tongue, he put his mouth on her breasts, showed her naked pictures of her aunt, dressed her in provocative underwear, used a vibrator on her, performed oral sex on her, inserted his penis into her mouth, and engaged in vaginal intercourse with her. After this |4conversation, Mrs. Breaux called the victim’s mother, K.D., who immediately came to the Breaux’s house.
The victim’s mother, K.D., contacted the Gretna Police Department to report the abuse. Sergeant Tris Lear interviewed the victim and her mother. Sergeant Lear also scheduled an interview of the victim at the Jefferson Parish Child Advocacy Center (CAC).
The victim testified that the defendant,[3] her maternal uncle by marriage, began touching her inappropriately when she was six years old. The victim testified that, at first, defendant touched her “private parts” over her clothes. She indicated that her “private parts” meant her vaginal area.
The victim further testified that, when she was seven or eight years old, defendant started kissing her on the mouth. The victim testified that, when she was about nine years old, defendant touched her “other private parts,” which referred to her breasts.
In addition, the victim testified that, during the same time frame, defendant *486 “licked” her vaginal area with his mouth, touched her vaginal area with his penis, and made her touch his penis with her hand. Although, at trial, the victim denied performing oral sex on defendant, she stated, during her initial interview with the forensic examiner at the Child Advocacy Center (CAC), that she “licked his private.” [4]
Further, the victim testified that, on two separate occasions, defendant took photographs of her without clothing. She also testified that defendant touched her with a vibrator on her unclothed vaginal area. Finally, defendant showed the victim nude pictures of his wife (her aunt).
|fiPursuant to the information obtained from the interviews, Sergeant Lear sought and was issued an arrest warrant for defendant. Defendant was subsequently arrested on June 22, 2010. Detective Brett Taylor of the Westwego Police Department obtained a search warrant for defendant’s residence. As a result of the search, nude photographs of defendant’s wife and a flesh-colored vibrator were seized.[5]
On August 26, 2010, Dr. Elaine Wets-man, who was offered as an expert in child abuse pediatrics, physically examined the victim. As is common in child sexual abuse cases, the physical examination did not reveal any observable injury.
After hearing the testimony and viewing evidence, the jury unanimously found defendant guilty as charged on all four counts. This timely appeal follows.

Law and Argument

On appeal, defendant raises three assignments of error: first, the trial court erred in denying the motion for new trial; second, the trial court erred in admitting evidence of other crimes; and, third, the testimony of the victim was insufficient to prove an essential element of the crime of aggravated rape.
When the issues on appeal relate to both the sufficiency of evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992). If the appellate court determines that the evidence was insufficient, then the defendant is entitled to an acquittal, and no further inquiry as to trial errors is necessary. Id. Thus, we will first address defendant’s third assignment of error.
In his third assignment of error, defendant argues that the evidence was insufficient to establish the offense of aggravated rape. He contends that the State failed to present credible evidence that there was either sexual intercourse or oral-feenitaI6 contact. Defendant claims, that, at best, the evidence established sexual battery.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953, p. 4 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885.
*487 Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 284, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id., 08-20 at 7, 985 So.2d at 240.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the court, is sufficient to support a conviction. State v. Dixon, 07-915 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 153, writ denied, 08-987 (La.1/30/09), 999 So.2d 745. Furthermore, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense. Id. at 153-54.
IvSince defendant challenges the sufficiency of the evidence regarding his convictions of aggravated rape, only those convictions will be addressed herein. Defendant’s charges of aggravated rape are based upon the allegations that defendant performed oral sexual intercourse upon the victim (count one) and that defendant had the victim perform oral sexual intercourse upon him (count two).
La. R.S. 14:42 defines aggravated rape as:
[A] rape committed ... where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * *
(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim’s age shall not be a defense.
La. R.S. 14:41(C) defines “oral sexual intercourse” as:
[T]he intentional engaging in any of the following acts with another person:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
In State v. Roca, 03-1076 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, writ denied, 04-0583 (La.7/2/04), 877 So.2d 143, the defendant was convicted of aggravated rape of a juvenile. At trial, the victim testified that defendant touched her vagina with his mouth and she was forced to touch his penis with her mouth. Id. at 875-76. On appeal, defendant argued that the evidence was insufficient to support his conviction. This Court found that, even without medical or scientific evidence, the victim’s testimony was sufficient to support a finding of guilt. Id.
Similarly, in State v. Gaddis, 07-395 (La.App. 5 Cir. 11/13/07), 973 So.2d 21, 26, writ denied, 08-0156 (La.10/10/08), 993 So.2d 1277, this Court found the victim’s testimony was enough to establish oral sexual intercourse. In Gaddis, the ^defendant was convicted of two counts of aggravated rape of juveniles. Id. at 25. The victims, who were both under the age of 12 at the time of the offenses, consistently said — in their interviews and at trial — that the defendant forced them to perform oral sex on him. Id. at 26. On appeal, defendant argued that the evidence was not sufficient to support his convictions. This Court held, however, that “the [victims’] testimony established that the defendant committed aggravated rape through oral inter *488 course under La. R.S. 14:42(2) and (4).” Id.
The credibility of a witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Seals, 09-1089, p. 87 (La.App. 5 Cir. 12/29/11), 83 So.3d 285, 350. The credibility of witnesses will not be reweighed on appeal. Id. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be upheld. State v. Gaddis, supra.
In the instant case, the victim testified that “four or five times” defendant “put his mouth down there.” Further, during the CAC interview, the victim stated that defendant licked her private “in the front” on more than one occasion. Viewing this evidence in the light most favorable to the prosecution, we find that any rational trier of fact would have found that the State proved beyond a reasonable doubt that defendant performed oral sexual intercourse upon the victim.
Furthermore, during her CAC interview that was introduced as evidence at trial, the victim stated that she “licked his private.” Again, viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact would have found that the State proved beyond a reasonable doubt that the victim touched the defendant’s genitals with her mouth. Accordingly, we find no merit in this assignment of error.
| {¡Returning to defendant’s first assignment of error, he argues that the trial court erred in denying his motion for a new trial. In that motion, defendant claimed that, after trial, he learned that one of the Breaux girls to whom the victim first reported the abuse had previously made allegations of sexual abuse against an adult. This fact, the defense contended, would have been critical in impeaching Lisa Breaux’s — the girl’s mother’s — testimony. Further, the defense alleged that, after trial, it discovered Lisa Breaux’s Fa-cebook page, which indicates that she is an activist against sex offenders. The defense argued that this information would have been critical in impeaching her testimony. Based on this newly discovered evidence, defendant sought a new trial.
Regarding an alleged previous report of sexual abuse by another minor, the State responds that such evidence is irrelevant, that defendant has not shown that this evidence exists, that the evidence was not discoverable before or during trial, or that the child was available to testify. See La.C.Cr.P. art. 854(1) and (4). Regarding the Facebook page, the State argues that defendant has not shown that the Face-book page was not discoverable before or during trial, that it does not merely impeach the credibility of a witness, or that it was admissible and so material that it ought to produce a different result than the verdict.
In denying defendant’s motion for new trial, the trial judge stated:
Alright. The Facebook page I’m assuming either one of two things. It[’s] either — it’s not newly discovered evidence because it’s — it pre-existed the trial or her testimony which means it was out there for everybody to see. Number two, even if [it] was created after, maybe this case had something to do with her newly found passion for you know, sex cases. Number three, the testimony of the allegation that the little girl ... who the victim told first, who then told her mom, the intermediary, that she’s made any allegations against anybody else I think would be inadmissible in the first place. That wouldn’t have come in— that evidence wouldn’t have come in anyway, so.... [I]t’s far too removed. *489 Under the reasoning in State v. Free, it’s 643 So.2d 767, that wouldn’t have been admissible. It’s too tenuous, too far removed, so the motion for new trial is denied.
110Pursuant to La.C.Cr.P. art. 851, a motion for new trial is based upon the supposition that an injustice has been done to the defendant, and unless such injustice is shown, the new trial motion shall be denied no matter upon what allegations the motion is grounded. State v. Bazley, 09-358, p. 17 (La.App. 5 Cir. 1/11/11), 60 So.3d 7, 19, writ denied, 11-0282 (La.6/17/11), 63 So.3d 1039.
La.C.Cr.P. art. 851 provides five grounds for granting a new trial. The third allows the granting of a new trial based on newly discovered evidence. It provides:
The court, on motion of the defendant, shall grant a new trial whenever:
⅜ ⅝ ⅜
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
[[Image here]]
La.C.Cr.P. art. 854 lists the necessary allegations for supporting a new trial motion based on newly discovered evidence. It provides:
A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1)That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
Furthermore, the jurisprudence also imposes four requirements on this motion: (1) the evidence must have been discovered since the trial; (2) the failure to learn of the evidence at the time of trial was not due to defendant’s lack of diligence; (3) the evidence must be material to the issues at trial; and (4) the evidence must be of such a nature that it would probably produce an acquittal in |nthe event of a retrial. Bazley, 60 So.3d at 21. The trial court’s ruling as to whether these requisites are met is entitled to great weight and a denial of a motion for new trial will not be disturbed on appeal absent a clear abuse of that discretion. Id., 60 So.3d at 22. Further, an application for a new trial on the ground of newly discovered evidence should be viewed with extreme caution. State v. Jefferson, 305 So.2d 465, 468 (La.1974).
Turning to the alleged previous report of sexual abuse by another minor, we find that defendant has not met the statutory and jurisprudential requirements necessary to support a successful motion for a new trial. First, in his motion, defendant alleges that he only learned of a witness’s daughter’s alleged prior report of sexual abuse after trial. However, he does not offer anything in support of this conclusory allegation. Secondly, defendant did not state that his failure to learn of this evidence at the time of trial was not due to his lack of diligence. Thirdly, the evidence at issue concerns an allegation of sexual abuse made by a different victim against a different perpetrator, which is neither ma *490 terial to the issues at trial nor is of such a nature that it would probably produce an acquittal in the event of a retrial. Accordingly, we find that defendant failed to meet the aforementioned jurisprudential or statutory requirements. See, La.C.Cr.P. art. 854(1-4); Bazley, 60 So.3d at 21; State v. Free, 26,267 (La.App. 2 Cir. 9/21/94), 643 So.2d 767, 776, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175; State v. Saba, 203 La. 881, 14 So.2d 751, 755 (1943).
With respect to defendant’s argument regarding Lisa Breaux’s Facebook page, we note that this claim was not raised in defendant’s written motion for new trial, but rather was raised orally at the motion hearing on September 1, 2011. La.C.Cr.P. art. 852 provides that a “motion for a new trial shall be in writing, shall Instate the grounds upon which it is based, and shall be tried contradictorily with the district attorney.” Further, La.C.Cr.P. art. 856 provides:
A motion for a new trial shall urge all grounds known and available to the defendant at the time of the filing of the motion. However, the court may permit the defendant to supplement his original motion by urging an additional ground, or may permit the defendant to file an additional motion for a new trial, prior to the court’s ruling on the motion.
Because this issue was not properly raised in a written motion, we find no error in the trial court’s denial of this claim. Even if we were to address this claim, we would find that the defendant has not met all the statutory and jurisprudential requirements necessary to support a successful motion for a new trial based on this allegedly newly-discovered evidence. See, Bazley, 60 So.3d at 21; La. C.Cr.P. art. 854(1).
A trial judge’s ruling on a motion for new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Dixon, 07-915 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 155, writ denied, 08-0987 (La.1/30/09), 999 So.2d 745. We find no abuse of the trial court’s discretion in his denial of a new trial in this case. Accordingly, we find that this assignment of error lacks merit.
Finally, in his last assignment of error, defendant argues that the trial court erred in allowing the introduction of other crimes evidence.[6] He contends that the court erred in granting the State’s motion to introduce evidence of other crimes regarding defendant’s prior sexual abuse of J.L. He further asserts that the evidence of defendant’s prior sexual abuse of K.D., without any prior notice, was |13aIso improperly admitted. As a result, defendant claims he should be granted a new trial.
Here, defendant failed to preserve his right to appellate review of this issue because he did not object contemporaneously at the time of either occurrence. La.C.Cr.P. art. 841(A) provides: “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” To preserve the right to appellate review of an alleged trial court error, a party must state a contemporaneous objection with the occurrence of *491 the alleged error as well as the grounds for the objection. State v. Alvarez, 10-925, p. 9 (La.App. 5 Cir. 6/29/11), 71 So.3d 1079, 1085.
In Alvarez, the defendant was on trial for aggravated crime against nature upon a known juvenile. The defendant had a 1997 conviction for carnal knowledge of a juvenile, and the State called the victim of that offense to testify. The defendant did not object to this testimony at trial, but argued on appeal that the victim’s testimony was inadmissible other crimes evidence. This Court held that because the defendant did not object to the testimony at trial, the issue was not properly before the court for review. Alvarez, 10-925 at 10, 71 So.3d at 1085.
Here, defendant not only failed to contemporaneously object to the testimony of J.L. regarding defendant’s alleged molestation of K.D. in 1984, defense counsel elicited further testimony from J.L. about the incident on cross-examination. Furthermore, defendant failed to object to the same information during KD.’s testimony. Accordingly, this issue was not preserved for review.
Even if we were to consider the merits of this argument, we would find the introduction of this evidence was harmless. The introduction of inadmissible other crimes evidence is subject to a harmless error analysis. State v. Williams, 09-48 (La.App. 5 Cir. 10/27/09), 28 So.3d 357, 365, writ denied, 09-2565 (La.5/7/10), 34 So.3d 860 (citations omitted). An error is harmless when the verdict is “surely unattributable to the error.” Id. at 365. (citation omitted).
In this case, the jury’s verdict was surely unattributable to this error. The State presented overwhelming evidence of guilt at trial without consideration of defendant’s prior sexual abuse of either of his girlfriend’s pre-adolescent sisters.
At trial, the victim testified extensively about the sexual acts that defendant committed upon her and forced her to commit upon him, which is sufficient to support a conviction. State v. Dixon, supra. Further, the State presented testimony from Lisa Breaux, the person to whom the victim first reported the abuse.
In this case, the introduction of testimony regarding defendant’s sexual abuse of other pre-adolescent girls was harmless error. Thus, even if we were to address this assignment of error, it would be without merit.

Errors Patent

As is our routine practice, pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent. Our review reveals that defendant’s sentence for sexual battery, in violation of La. R.S. 14:43.1, was illegally lenient.
Here, the bill of information alleges that defendant committed sexual battery on the victim between August 10, 2005 and June 22, 2010. The law in effect at the time of the commission of the offense determines the defendant’s penalty exposure. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, 520.
Until August 15, 2006, La. R.S. 14:43.1 provided a penalty of “imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years.” However, Acts 2006, No. 103, § 1, which became effective on August 15, 2006, amended the law to provide that an offender such as this defendant “shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least l^twenty-five years of the sentence imposed shall be served without benefit of *492 parole, probation, or suspension of sentence.” [7]
Here, defendant was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence. If, as the victim’s trial testimony[8] indicates, the offense was committed after the effective date of August 15, 2006, his sentence is illegally lenient.
In this case, however, the State neither objected at the time of sentencing nor appealed defendant’s sentence. See, La. C.Cr.P. arts. 841 and 881.2. While this Court has authority to correct an illegally lenient sentence on its own motion, it is permissive rather than mandatory. La. C.Cr.P. art. 882; State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Turner, 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 819. In this instance, we decline to correct this sentence. See, State v. Caffrey, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 205.
In conclusion, we find no merit in defendant’s assignments of error and no errors patent requiring corrective action. Based on the foregoing, defendant’s convictions and sentences are affirmed.

AFFIRMED

. To respect the victim’s privacy, we will refer to the victim and her relevant family members using their initials. See, La. R.S. 46:1844(W)(3).

. S.B.’s date of birth is August 10, 1999.

. Defendant’s date of birth is July 16, 1961. At the time of trial, defendant was 50 years old.

. At trial, a digital recording of the CAC interview, which was played for the jury, was introduced into evidence.

. These items were introduced into evidence at trial.

. On a related issue, we note that, after this matter was submitted, defendant filed a motion to supplement the record with a transcript of a La. C.E. art. 412.2 hearing. First, there is no minute entry in this record that reflects that such a hearing occurred. Second, the party making the motion for appeal bears the burden of furnishing the appellate court with a record of the trial proceedings needed for review; and therefore, any inadequacy of the record is imputable to the appellant. See, La.C.Cr.P. art. 914.1(A); State v. Ronquille, 09-81 (La.App. 5 Cir. 5/26/09), 16 So.3d 411, 416-17, writ denied, 09-1397 (La.2/5/10), 27 So.3d 298. For these reasons, we denied said motion.

. This provision was further amended by Acts 2008, No. 33, § 1, which replaced "life imprisonment" with "ninety-nine years.”

. The victim stated that the first time defendant touched her vagina with his hand, she was six or seven years old, and the last time he did so, she was nine or ten years old. Accordingly, the first occurrence transpired sometime between August 10, 2005 and August 10, 2007; and the last occurrence transpired sometime between August 10, 2008 and June 22, 2010. She also stated that she was nine or ten years old when he touched her vagina with a vibrator. Accordingly, this occurred sometime between August 10, 2008 and June 22, 2010.