HANS J. LILJEBERG, Judge.
| ¡.Defendant, Jermaine Carter, appeals his convictions for first degree robbery and attempted first degree robbery. For the following reasons, we affirm defendant’s convictions and sentences.

PROCEDURAL HISTORY

On January 17, 2012, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant, Jermaine Carter, with armed robbery with a firearm, in violation of LSA-R.S. 14:64 and 14:64.3. Defendant was arraigned and pled not guilty. On March 12, 2012, the district attorney amended the bill of information, adding a second charge of armed robbery with a firearm. Defendant pled not guilty to the amended bill of information.
Trial of this matter commenced on June 19, 2012. On June 20, 2012, the jury returned unanimous responsive verdicts of guilty of first degree robbery on |scount one, in violation of LSA-R.S. 14:64.1, and guilty of attempted first degree robbery on count two, in violation of LSA-R.S. 14:27:64.1.
On June 22, 2012, the State filed a multiple offender bill of information, alleging defendant to be a third felony offender. On August 20, 2012, after a hearing on the multiple bill, the trial court adjudicated defendant a third felony offender. The trial court sentenced defendant as a third felony offender on both counts.[1] On count one, defendant was sentenced to 30 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On count two, defendant received a concurrent sentence of 15 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals.

FACTS

Mr. Vu Tran, the victim, testified that in January of 2012, he was employed at Lynn’s Grocery in Reserve, Louisiana. Around noon on January 5, 2012, defendant, who was known to Mr. Tran as a regular customer of Lynn’s, entered the store, demanded vodka and cigarettes, and refused to pay. Defendant then said, “if anybody has something to say, I got this for them.” At that point, defendant reached in his pocket and then placed a gun on the counter. Mr. Tran, who was behind the counter and operating the register, complied with defendant’s demands and relinquished the items without receiving payment.
Later that same day, at approximately 2:00 p.m., defendant returned to the grocery and requested beer. As Mr. Tran bagged the beer and asked defendant for payment, defendant pulled a gun from his back pocket and pointed it at Mr. Tran’s |4face. According to Mr. Tran, defendant then demanded, “Give me my shit before I shoot somebody.” Defendant then took the beer without paying for it.
The next morning Mr. Tran notified the *1112 police.[2] In the course of the investigation, Mr. Tran gave a statement to the police, which was introduced into evidence at trial. In his statement, Mr. Tran indicated that defendant entered the store three times on January 5, 2012. The first time, defendant, in an intimidating and threatening manner, threw a gun on the counter and demanded beer and cigarettes. The victim complied and gave defendant the items without receiving payment. Defendant returned approximately one hour later, brandished a handgun, pointed it at the victim’s face, and took two beers without payment. According to Mr. Tran, defendant returned a third time and continued to threaten and intimidate the victim.
The grocery store is equipped with surveillance cameras, which recorded the incidents on January 5, 2012. The video recordings do not include audio.
Video footage of the first incident shows defendant approach the counter behind which the victim was operating the register with a bottle in his hand. Defendant was speaking to the victim, gesturing, and walking around near the counter. He then put an object on the counter, which appeared to be a gun. Mr. Tran pushed the object back to defendant. Thereafter, the video shows that Mr. Tran handed a pack of cigarettes to defendant and defendant walked away from the counter while continuing to talk to Mr. Tran.
Video footage of the second incident depicts defendant and several other patrons near the counter. Defendant placed two beers on the counter, while gesturing and talking with the victim and other patrons. The victim bagged the beers. Moments later, defendant pulled from his back pocket what appeared to be |Ba handgun and pointed it at the victim’s face. The victim ducked, and defendant put the gun back in his pocket and continued talking and gesturing. He then grabbed the beers from the counter without payment and conversed with other patrons in the store. The victim continued to serve the next patron. The defendant then returned to the counter, continuing to talk and gesture, and then shook hands with the victim before exiting the store. Although the video footage provided does not show defendant leaving the store with the beers, Mr. Tran testified that defendant did leave the store with the beers.

LAW AND DISCUSSION

When the issues on appeal relate to both the sufficiency of evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992). If the appellate court determines that the evidence was insufficient, then the defendant is entitled to an acquittal, and no further inquiry as to trial errors is necessary. Id. Since defendant submits a claim of insufficient evidence in his third assignment of error, this issue will be addressed first.
In defendant’s third assignment of error, he argues that the evidence was insufficient to support the guilty verdicts of first degree robbery and attempted first degree robbery. Specifically, defendant contends that the State failed to prove he took something of value and that he was armed with a handgun. He also contends that the video evidence failed to show that either Mr. Tran or any of his customers felt threatened by defendant’s eccentric behavior. Conversely, the State maintains the evidence was sufficient to support defendant’s convictions.
*1113 In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a | firational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert, denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953, p. 4 (La. App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885. Under this Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id., 08-20 at 7, 985 So.2d at 240.
It is the role of the fact-finder to weigh the credibility of the witnesses, and a reviewing court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Reed, 11-507, p. 10 (La.App. 5 Cir. 2/14/12), 88 So.3d 601, 607, writ denied, 12-0644 (La.9/14/12), 97 So.3d 1014. When the trier of fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State v. Bailey, 04-85, p. 4 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 955, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476, cert, denied, 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005). In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. State v. Dixon, 07-915, p. 11 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 153, writ denied, 08-0987 (La.1/30/09), 999 So.2d 745.
|7In the present case, defendant was charged with two counts of armed robbery with a firearm and ultimately convicted of the responsive verdicts of first degree robbery, in violation of LSA-R.S. 14:64.1, and attempted first degree robbery, in violation of LSA-R.S. 14:27:64.1.
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by the use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. LSA-R.S. 14:64.1; State v. Cam-brice, 10-26, p. 10 (LaApp. 5 Cir. 4/26/11), 64 So.3d 363, 370-71, writ denied, 11-1181 (La.3/23/12), 84 So.3d 568. To support a conviction for first degree robbery, the State must prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon and that the victim’s belief was objectively reasonable under the circumstances. Cambrice, 10-26 at 10, 64 So.3d at 370. The statute excludes unreasonable panic reactions by the victim, but otherwise allows the victim’s subjective beliefs to determine whether the offender has committed first degree robbery or the lesser offense of simple robbery. Id., 10-26 at 10-11, 64 So.3d at 370. Direct testimony by the victim that he or she believed the defendant was armed, or circumstantial inferences arising from the victim’s immediate surrender of his or her personal possessions in response to the defendant’s threats, may support a conviction for first *1114 degree robbery. Id., 10-26 at 11, 64 So.3d at 370-71.
In the instant case, the firearm used in the robbery was not recovered or produced at trial. However, the production of a weapon, or other physical evidence, is not paramount, even in an armed robbery prosecution, if the State’s witnesses can otherwise establish, by their observations at the crime scene, all elements of the offense charged beyond a reasonable doubt, including the fact that |sthe perpetrator did have and make use of a dangerous weapon. Cambrice, 10-26 at 12, 64 So.3d at 371; State v. Calvin, 00-1505 (La.App. 5 Cir. 2/28/01), 781 So.2d 827, 832, writ denied, 01-1112 (La.1/4/02), 805 So.2d 1182. More importantly, in a conviction for first degree robbery, the State is only required to prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon and that the victim’s belief was objectively reasonable under the circumstances. Cambrice, 10-26 at 13, 64 So.3d at 372.
Regarding defendant’s first degree robbery conviction, at trial and in his statement to police, Mr. Tran stated that defendant pulled a gun from his back pocket, pointed it at Mr. Tran’s face, and took two bottles of beer without payment. The surveillance footage corroborates this, as it depicts defendant pointing what appears to be a handgun at the victim and taking the beer without payment. In light of the victim’s testimony and the surveillance footage, Mr. Tran’s subjective belief that defendant was armed with a dangerous weapon was objectively reasonable under the circumstances. Additionally, the bottles of beer taken from the grocery constitute things of value. Although defendant argues that the video does not show that he took the beer from the store, Mr. Tran testified that defendant did, in fact, take the beer from the store.
The jury was presented with the evidence and clearly found Mr. Tran to be credible. Mr. Tran’s testimony shows that he believed defendant was armed and the evidence shows that his belief was objectively reasonable under the circumstances. Given Mr. Tran’s testimony and the video evidence presented at trial, the evidence was also sufficient to prove the charged offense of armed robbery with a firearm, though the trier of fact was at liberty to return the responsive verdict of first degree robbery. See Cambrice, 10-26 at 13-14, 64 So.3d Rat 372; see also State v. Thomas, 43,783, p. 8 (La.App. 2 Cir. 1/14/09), 2 So.3d 1181, 1185, writ denied, 10-130 (La.12/17/10), 51 So.3d 22.
Thus, viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact would have found defendant guilty of first degree robbery beyond a reasonable doubt.
With respect to defendant’s attempted first degree robbery conviction, Mr. Tran testified at trial that defendant entered the store, demanded vodka and cigarettes, and placed a gun on the counter.[3] Mr. Tran complied with defendant’s demands and gave him the items without receiving payment. The video of this inci *1115 dent is consistent with Mr. Tran’s testimony. Although defendant argues that the video does not show any sign of fear from Mr. Tran and that defendant did not threaten anyone, Mr. Tran testified that he was in fear for his life and did feel intimidated and threatened. The jury apparently believed Mr. Tran’s testimony.
Considering the evidence in the light most favorable to the prosecution, we find that any rational trier of fact would have also found defendant guilty of attempted first degree robbery beyond a reasonable doubt. Accordingly, this assignment of error is without merit.
In defendant’s first assignment of error, he argues that the prosecutor’s improper questioning of potential jurors during voir dire violated defendant’s Sixth Amendment right to a fair and impartial trial. He contends that the prosecutor’s questions were impermissibly specific to the facts of this case. The State responds that the challenged voir dire examination was not improper.
| inDuring voir dire, the prosecutor was explaining the elements of the charged offense and the following discussions occurred:
[STATE]: That word “anything” is interesting. You know, most people, when they think of Armed Robbery, they think of what? They think of money. Like robbing a bank — But anything, in this case, really does mean anything. Because in this case it means beer, vodka, and cigarettes. That’s anything. Okay? So Armed Robbery applies to those things as well as to money.
[DEFENSE]: Your Honor, I object. This is inappropriate argument during voir dire.
[STATE]: Just want to make—
[DEFENSE]: He’s arguing—
[STATE]: I want to make sure they understand—
[DEFENSE]: — one of the elements of the proposed crime.
[STATE]: — the definition of the crime.
[COURT]: Well, I think he’s stating what the elements of the crime and the definition of anything of value.
[DEFENSE]: Your Honor, he’s stating three things that are supposedly taken in, in this, in this transaction.
[COURT]: Okay. I’ll note your objection. Let’s move on. Let’s be more general.
[[Image here]]
[STATE]: Now, on this definition of Armed Robbery with a Firearm, taking of anything, does anybody disagree with any part of this crime and think that that’s wrong? Does anybody feel like, oh, you know, Armed Robbery should be money. Yes, sir?
[PROSPECTIVE JUROR]: When you put up three things that is considered and I think that because of those three things that, you know, I, I want to be—
[STATE]: Pardon me? What did you—
|„[PROSPECTIVE JUROR]: Because of those three—
[STATE]: Uh huh.
[PROSPECTIVE JUROR]: — that you put up there, and I have to make a decision on that with an Armed Robbery,—
[STATE]: Uh huh.
[PROSPECTIVE JUROR]: — I’d rather be excused.
[[Image here]]
[PROSPECTIVE JUROR]: ... I’d rather be excused because of those *1116 three would come under the, the, right, of the armed robbery. Correct?
[[Image here]]
[PROSPECTIVE JUROR]: Because of those simple things that I, I feel in my heart, as, as you was elaborating, that one of those outlets might be a part of what he did. I don’t know. I don’t know anything about the case.
[DEFENSE]: And this is what I was concerned about, Judge. Now we’ve got [the prosecutor] soliciting votes based upon these three items that he has put up on the screen. That’s exactly what State versus Thibodeaux warns about.
[[Image here]]
[DEFENSE]: Note my objection, Your Honor.
[COURT]: I’ll note your objection.
This prospective juror was subsequently struck for cause by the State.
The Sixth Amendment of the United States Constitution guarantees the accused the right to a trial by an impartial jury. State v. Nelson, 09-807, p. 4 (La. App. 5 Cir. 3/23/10), 39 So.3d 658, 661. Included in this right to an impartial jury is the right to an adequate voir dire to identify unqualified jurors. United States v. Beekner, 69 F.3d 1290, 1291 (5th Cir. 1995). “The court, the state, and the | ^defendant shall have the right to examine prospective jurors.” LSA-C.Cr.P. art. 786. The scope of voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. LSA-C.Cr.P. art. 786; State v. Mumy, 375 So.2d 80, 82-83 (La.1979).
Although a court has discretion to restrict voir dire, it must nevertheless afford the attorneys wide latitude in examining prospective jurors as a means of giving effect to an accused’s right to a full voir dire. State v. Thibodeaux, 98-1673, p. 8 (La.9/8/99), 750 So.2d 916, 924, cert, denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000). Thus, while a trial court has control over the scope of jury selection and may limit voir dire examination accordingly, the limitations may not be so restrictive as to deprive counsel of a reasonable opportunity to determine grounds for challenges for cause and for the intelligent exercise of peremptory challenges. Id. After all, the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. Mumy, 375 So.2d at 82.
Nevertheless, Louisiana law clearly establishes that a party interviewing a prospective juror may not ask a question or pose a hypothetical which would demand a commitment or pre-judgment from the juror or which would pry into the juror’s opinions about issues to be resolved in the case. Thibodeaux, 98-1673 at 9, 750 So.2d at 924. Voir dire examination may not encompass unlimited inquiry into all possible prejudices of prospective jurors, nor their opinions on the evidence to be offered at trial, nor hypothetical questions and questions of law which call for any prejudgment of supposed facts. State v. Bell, 477 So.2d 759, 766 (La.App. 1 Cir.1985), writ denied, 481 So.2d 629 (La. 1986). However, it is permissible for voir dire questions to “reasonably explore the juror’s potential prejudices, | ^predispositions or misunderstandings relevant to the central issues of the particular case.” State v. Duplessis, 457 So.2d 604, 606 (La.1984).
In State v. Williams, 615 So.2d 1009, 1016-17 (La.App. 1 Cir.1993), writ denied, 619 So.2d 543 (La.1993), the First Circuit found no abuse of the trial court’s discretion in permitting the prosecutor to de *1117 scribe particular facts of the case in an effort to explain the law of principals. At best, the court found, any error was harmless. Id., 615 So.2d at 1017. The court reasoned:
Clearly, the context in which the comments at issue were made disclose the prosecutor was explaining the law of principals to the prospective jurors and questioning them as to their understanding of the application of that law in an apparent effort to discover bases for challenges for cause and to secure information for the State’s intelligent exercise of peremptory challenges. Although we are troubled by a portion of the comment, i.e., [an accomplice] having been with [the defendant] when this murder occurred, the comments at issue are otherwise within the proper scope of voir dire. While this portion of the comment was ill-advised, we cannot say it reasonably might have contributed to the conviction. Accordingly, any error occasioned thereby is harmless.

Id.

See also State v. Hall, 616 So.2d 664, 666 (La.1993), in which the Louisiana Supreme Court found that the trial court had abused its discretion when it restricted “defense counsel’s examination on issues of law, such as elements of the offense, reasonable doubt and specific intent.” Id., 616 So.2d at 669. The court noted that a “trial judge’s limitation of the defense’s questioning to whether the jurors would accept the law as given has never been favored in our law.” Id.
In the instant case, the facts were depicted in surveillance footage and were largely undisputed. Thus, the case turned on the application of law. The prosecutor’s references to the stolen items were part of his explanation of an element of the charged offense, namely, “anything of value,” and his questioning of the prospective jurors as to their understanding of that element in the context of 114the instant case. This appears to have been an effort to discover bases for challenges for cause and to secure information for the State’s intelligent exercise of peremptory challenges. This effort proved effective as the State successfully challenged for cause one prospective juror who informed the court that he would be unable to apply the law to the facts of the instant case.[4]
The prosecutor’s questions regarded an element of the charged offense and were posed for the apparent purpose of determining whether jurors could apply that element. We find no abuse of the trial court’s discretion in allowing the prosecutor to question prospective jurors regarding the definition of “anything of value,” as it was an element of the charged offense. Although the prosecutor’s references to evidence specific to this case may have been ill-advised, we cannot say that it reasonably may have contributed to the conviction and any such error occasioned thereby is harmless. Accordingly, this assignment of error is without merit.
In defendant’s second assignment of error, he argues that the trial court erred in denying his motion for a new trial when defense counsel presented credible *1118 evidence that two jurors had fallen asleep during the proceedings. The State, citing State v. Cass, 356 So.2d 396, 398 (La.1977), responds that the trial court did not err in denying defendant’s motion for new trial because he did not show that the jurors, even if they did fall asleep momentarily, were unable to perform their duties.
LSA-C.Cr.P. art. 852 mandates that a “motion for a new trial shall be in writing, shall state the grounds upon which it is based, and shall be tried | ^contradictorily with the district attorney.” Defendant’s claim of sleeping jurors was not raised in his written motion for new trial, but rather was raised for the first time orally at the motion hearing.[5] Because this claim was not properly raised in a written motion, we find no abuse of the trial court’s discretion in denying defendant’s motion for new trial. See State v. Richoux, 11-1112, pp. 11-12 (La.App. 5 Cir. 9/11/12), 101 So.3d 483, 490, writ denied, 12-2215 (La.4/1/13), 110 So.3d 139. In any event, even if we were to address the merits of this issue, we find no abuse of the trial court’s discretion in denying defendant’s motion for new trial.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). No errors requiring corrective action were noted.

DECREE

For the foregoing reasons, we affirm defendant’s convictions and sentences.

AFFIRMED.

. See State v. Turner, 09-1079, p. 9 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 460 n. 8, in which this Court held that LSA-R.S. 15:529.1 does not mandate that a sentence be imposed on an underlying conviction before the sentence on a multiple bill is imposed. See also State v. Shaw, 06-2467, p. 20 (La. 11/27/07), 969 So.2d 1233, 1245, in which the Louisiana Supreme Court held that LSA-R.S. 15:529.1 does not prohibit enhancing multiple sentences for multiple convictions obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode.

. Mr. Tran testified that he did not call the police right after the incidents, because he feared that there would be retaliation if defendant was not immediately caught.

. In his statement to the police, Mr. Tran described the same sequence of events except that he stated defendant took beer, not vodka. In any case, when the trier of fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State v. Bailey, 04-85, p. 4 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 955, writ denied, 04-1605 (La. 11/15/04), 887 So.2d 476, cert, denied, 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005). In returning a conviction for attempted first degree robbery, the jury evidently did not give much credence to this inconsistency.

. See LSA-C.Cr.P. art. 797(4), which provides that the state or the defendant may challenge a juror for cause on the ground that the juror will not accept the law as given to him by the court. See also State v. Sparks, 88-0017, p. 24 (La.5/11/11), 68 So.3d 435, 461, cert, denied, •— U.S. -, 132 S.Ct. 1794, 182 L.Ed.2d 621 (2012), in which the Louisiana Supreme Court stated that a challenge for cause should be granted even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice, or inability to render a judgment according to the law may be reasonably implied.

. LSA-C.Cr.P. art. 856 provides that prior to the court’s ruling on a motion for new trial, the court may permit a defendant to supplement his original motion for new trial or to file an additional motion for new trial. However, in die present case, the record does not show that defendant sought to file a supplement or an additional motion for new trial raising his claim of sleeping jurors.